Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Mark S. Zhai (SBN 287988)
mzhai@blakelylawgroup.com
**BLAKELY LAW GROUP**
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff
PRL USA Holding, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRL USA HOLDINGS, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> ZOETOP BUSINESS CO., LIMITED, a Hong Kong Private Limited Company; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:** <br><br> 1. **TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT** <br><br> 2. **FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS** <br><br> 3. **UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE, § 17200** *et seq.* <br><br> 4. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** <br><br> **JURY TRIAL DEMANDED** |

**Plaintiff PRL USA Holdings, Inc.**, a subsidiary of Ralph Lauren Corporation ("Plaintiff" or "Ralph Lauren"), for its Complaint against **Defendant Zoetop Business Co., Limited** ("Zoetop") and DOES 1-10 (collectively "Defendants") alleges as follows:

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendants for trademark infringement and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and related claims of trademark infringement and unfair competition under the statutory and common law of the State of California.

2. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendants because Defendants conduct continuous and systematic business in this district, placed infringing products in the stream of commerce directed to residents of this district, derived commercial benefits from the sale of infringing products, and caused injuries to Plaintiff—all within the State of California.

4. Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district and Plaintiff is located and has been injured in this judicial district.

## THE PARTIES

5. Plaintiff PRL USA Holdings, Inc. ("Plaintiff"), a subsidiary of Ralph Lauren Corporation (collectively, "Ralph Lauren"), is a corporation organized and existing under the laws of the state of Delaware, with an office and principal place of business at 650 Madison Avenue, New York, New York 10022. Plaintiff designs and markets clothing identified by its world-famous Ralph Lauren® and Polo® trademarks.

6. Upon information and belief, Defendant Zoetop Business Co., Limited ("Zoetop") is a Private Limited Company organized and existing under the laws of Hong Kong Special Administrative Region, with a registered office and principal place of business located at Room 11-12, 2/F, Hong Leong Plaza (Phase 1), No. 33 Lok Yip

1  Road, Fanling Hong Kong.

2  7. Plaintiff is informed and believes that, together with Zoetop, other individuals and entities currently named as DOES 1-10 may also be responsible in one manner or another for the wrongs alleged herein, in that at all relevant times, each one (including Zoetop) was the agent and servant of the others and acting within the course and scope of said agency and employment. These other individuals and entities are sued under fictitious names DOES 1-10, because their true names and capacities are currently unknown to Ralph Lauren. Ralph Lauren will seek leave to amend this Complaint when the true names and capacities of DOES 1-10 are ascertained.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.    Plaintiff's Iconic Ralph Lauren® Brand**

8. Ralph Lauren was founded in 1967 by the iconic designer Mr. Ralph Lauren and has become a leader in the design, marketing, and distribution of premium lifestyle products. Brands of Ralph Lauren include Ralph Lauren®, Polo®, Chaps®, Club Monaco®, and Polo Sport®. For more than fifty years, Ralph Lauren has sold high-quality apparel, accessories and other products, all of which prominently display its famous, internationally recognized and federally-registered trademarks, including RALPH LAUREN, POLO and 🏇 (the "Ralph Lauren Products"), among others.

9. Ralph Lauren Products have become enormously popular, driven by Ralph Lauren's arduous quality standards and innovative design. Among the purchasing public, genuine Ralph Lauren Products are instantly recognizable as such. In the United States and around the world, the Ralph Lauren brand has come to symbolize high quality and prestige.

10. Genuine Ralph Lauren Products are distributed through a worldwide network of authorized licensees, distributors, and Ralph Lauren retail stores throughout the United States, including in California, and through the official ralphlauren.com website (previously located at polo.com), which was launched in November 2000.

11. Ralph Lauren has continuously sold Ralph Lauren Products under the

1  RALPH LAUREN Marks in the United States for many years. Ralph Lauren
2  incorporates a variety of distinctive marks in the design of its various Ralph Lauren
3  Products. As a result of its long-standing use, Ralph Lauren owns common law
4  trademark rights in its trademarks.

   12.  Ralph Lauren has also registered its trademarks with the United States
6  Patent and Trademark Office and uses such marks in connection with the marketing of
7  Ralph Lauren Products. Ralph Lauren Products typically include at least one of such
8  trademarks, usually displayed in more than one location on a single product (*e.g.,*
9  interior label, lining, or external name plate), including in relevant part the following
10 U.S. federal trademark registrations (collectively, the "RALPH LAUREN Marks"):

| Marks | Reg. No. | Goods/Services |
|---|---|---|
| **RALPH LAUREN** | 1,447,282 | For: frames for prescription and non-prescription lenses and complete sunglasses in class 009. |
| | 1,469,151 | For: men's, women's, and children's dress and athletic shoes in class 025. |
| | 1,624,989 | For: clothing - namely, suits, slacks, trousers, shorts, wind resistant jackets, jackets, blazers, dress shirts, knit shirts, sweatshirts, sweaters, hats, belts, socks, blouses, skirts, coats and dresses in class 025. |
| | 1,835,393 | For: jewelry in class 014. |
| | 1,976,324 | cosmetic and personal grooming bags, clothing and personal item bags with drawstrings for over the shoulder use, grooming kits in the nature of small travelling bags for carrying personal hygiene items, travelling bags designed for holding suits, tie cases, satchels, purses and other personal item bags with rigid top supports, garment bags for travel, travelling bags for carrying personal items and clothing, coin bags, drawstring pouches, overnight bags, wallets and key holders, all sold empty in class 018. |
| | 1,972,538 | For: jewelry in class 014. |

| Marks | Reg. No. | Goods/Services |
|---|---|---|
| **RALPH LAUREN** | 2,207,011 | For: intimate wear, namely, hosiery in class 025. |
| | 3,521,190 | For: on-line retail store services featuring men's, women's and children's clothing, footwear, headgear, eyewear, handbags, backpacks, travel bags, wallets, athletic bags, jewelry, watches, sporting goods and accessories, fragrance, body lotions, home furnishing in the nature of bedsheets, duvet covers, comforters, blankets, pillows, towels, table cloths, dinnerware, picture frames in class 035. |
| | 3,764,868 | For: horological and chronometric instruments, namely, mechanical and automatic watches, wrist watches, diving watches, stop watches, pocket watches, watch fobs, jewelry watches; horological and chronometric fittings, namely, parts, faces, movements, casings, crowns, bands, straps, pouches, boxes, clasps, winders, winding buttons, dials, chains, cases, straps made of metal, leather and plastic in class 014. |
| | 5,400,546 | For: cuff-links in class 014; silver money clips in class 016. |
| **POLO** | 1,363,459 | For: clothing-namely, suits, slacks, trousers, shorts, wind resistant jackets, jackets, blazers, dress shirts, sweatshirts, sweaters, hats, belts, socks, blouses, skirts, coats, and dresses in class 025. |
| | 1,446,173 | For: frames for prescription and non- prescription lenses and complete sunglasses in class 009. |
| | 1,468,420 | For: men's, women's, children's and athletic shoes in class 025. |
| | 3,684,457 | For: metal belt buckles not of precious metal in class 026. |
| | 5,512,126 | For: clutches, shoulder bags, cosmetic bags sold empty, tote bags, saddle bags, backpacks, gym bags, duffle bags, travel bags, roll bags, sling bags, grooming kits sold empty, suit bags, tie cases, satchels, garment bags for travel, coin purses, |

| Marks | Reg. No. | Goods/Services |
|---|---|---|
| | | drawstring pouches, overnight bags, wallets and key cases in class 018. |
| (Polo Pony logo) | 1,485,359 | For: men's, women's, children's, and athletic shoes in class 025. |
| | 2,052,315 | For: clutches, shoulder bags, cosmetic bags sold empty, tote bags, saddle bags, backpacks, gym bags, duffle bags, travel bags, roll bags, sling bags, grooming kits sold empty, suit bags, tie cases, satchels, pole bags, garment bags for travel, coin purses, drawstring pouches, overnight bags, wallets, and key cases in class 018. |
| | 2,823,094 | For: wearing apparel, namely, sweaters and t-shirts in class 025.  For: tote bags in class 018. |
| | 3,199,839 | For: wearing apparel, namely, jackets, sweatshirts, sweatpants, hats, scarves, jerseys, jeans, turtlenecks and bikinis in class 025. |
| | 3,812,741 | For: a full line of clothing in class 025. |
| | 4,254,740 | For: eyewear in class 009. |
| (Polo Pony logo) | 4,558,683 | For: retail and on-line retail store services featuring men's, women's, and children's clothing, footwear, headwear, eyewear, leather goods, handbags, duffel bags, tote bags, luggage, briefcases, sporting goods and accessories, fragrances and personal care products, jewelry, watches, and home furnishings in class 035. |

13. The above U.S. registrations for the RALPH LAUREN Marks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. §

1065. The registrations for the RALPH LAUREN Marks constitute prima facie evidence of their validity and of Ralph Lauren's exclusive right to use the RALPH LAUREN Marks pursuant to 15 U.S.C. § 1057(b). The RALPH LAUREN Marks have been used exclusively and continuously by Ralph Lauren, some since at least as early as 1967, and have never been abandoned.

14. The RALPH LAUREN Marks have achieved tremendous fame and recognition, which has only added to the distinctiveness of the marks. As a result, the RALPH LAUREN Marks are both famous marks and valuable assets. As such, Ralph Lauren has built substantial goodwill in the RALPH LAUREN Marks, which is of incalculable and inestimable value to Ralph Lauren.

15. The RALPH LAUREN Marks have been widely promoted, both in the United States and throughout the world, and are among the world's most famous and widely recognized trademarks. In fact, Ralph Lauren has expended hundreds of millions of dollars in advertising, promoting and marketing featuring the RALPH LAUREN Marks. Ralph Lauren Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and renown as desired luxury items. Ralph Lauren augments this unsolicited media coverage with extensive paid advertising featuring internationally known celebrities, such as Lily Aldridge, Olivia Palmero, Iman, Rachel Zoe, and Daniel Levy in upscale, luxury publications and on social media platforms worldwide. Ralph Lauren is also the official sponsor of Wimbledon and an official sponsor of the U.S. Open, and is the exclusive Official Parade Outfitter for the U.S. Olympic and Paralympic Teams. Because of these and other factors, the Ralph Lauren name and the RALPH LAUREN Marks have become famous throughout the United States.

16. The RALPH LAUREN Marks are distinctive when applied to the Ralph Lauren Products, signifying to the purchaser that the products come from Ralph Lauren and are manufactured to Ralph Lauren's quality standards. Ralph Lauren maintains quality control standards for all Ralph Lauren Products. All genuine Ralph Lauren

Products are inspected and approved by or on behalf of Ralph Lauren prior to distribution and sale. Ralph Lauren operates the website [ralphlauren.com](ralphlauren.com) where it promotes and sells genuine Ralph Lauren Products. The [ralphlauren.com](ralphlauren.com) website features proprietary content, images and designs exclusive to Ralph Lauren.

17. Ralph Lauren has expended substantial time, money, and other resources in developing, advertising and otherwise promoting and protecting the RALPH LAUREN Marks. As a result, products bearing the RALPH LAUREN Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Ralph Lauren. Ralph Lauren is a multi-billion-dollar operation, and Ralph Lauren Products are among the most popular of their kind in the world.

**B.     Defendants' Infringing Activities**

18. The present lawsuit arises from Defendants' manufacture, production, marketing, distribution, advertisement, offering for sale, and/or sale of clothing products and accessories that bear marks substantially indistinguishable and/or confusingly similar to one or more of the Ralph Lauren Marks (the "Accused Products"), several exemplars of which are shown below:



*Examples of Accused Products*



*Examples of Accused Products*

 

*Examples of Accused Products*

19. Upon information and belief, Zoetop is engaged in the promotion, marketing and sale of clothing products and accessories through Zoetop's highly interactive e-commerce website (us.shein.com) which is accessible to consumers throughout the United States, including those within this judicial district. Upon information and belief, Defendants imported into the U.S., advertised, marketed,

offered for sale, and/or sold Accused Products in the Central District of California.

20. Upon information and belief, Zoetop is a competitor of Ralph Lauren and introduced Accused Products into the stream of commerce in an effort to exploit Ralph Lauren's goodwill and the reputation of genuine Ralph Lauren Products protected under the RALPH LAUREN Marks. Ralph Lauren has not granted a license or any other form of permission to Defendants with respect to any of its trademarks, or other intellectual property.

21. Upon information and belief, Defendants have acted in bad faith and Defendants' acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Accused Products with genuine Ralph Lauren Products, or as to the origin, sponsorship, or approval of the Accused Products by Ralph Lauren.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement Under the Lanham Act – 15 U.S.C. § 1114)**

22. Ralph Lauren incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

23. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of infringing imitations of the federally registered RALPH LAUREN Marks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The RALPH LAUREN Marks are highly distinctive marks. Consumers have come to expect the highest quality from Ralph Lauren Products offered, sold or marketed under the RALPH LAUREN Marks.

24. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using infringing reproductions of the RALPH LAUREN Marks without Ralph Lauren's permission.

25. Ralph Lauren is the exclusive owner of the RALPH LAUREN Marks. Ralph Lauren's United States Registrations for the RALPH LAUREN Marks are in full

force and effect. Upon information and belief, Defendants have knowledge of Ralph Lauren's rights in the RALPH LAUREN Marks, and are willfully infringing and intentionally using infringing imitations of the RALPH LAUREN Marks. Defendants' willful, intentional and unauthorized use of the RALPH LAUREN Marks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Accused Products among the general public.

26. Defendants' activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

27. The injuries and damages sustained by Ralph Lauren have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Accused Products. Ralph Lauren has no adequate remedy at law, and if Defendants' actions are not enjoined, Ralph Lauren will continue to suffer irreparable harm to its reputation and the goodwill of its well-known RALPH LAUREN Marks.

28. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using any of the RALPH LAUREN Marks and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorney's fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117 (b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

**SECOND CLAIM FOR RELIEF**

**(False Designations of Origin and False Descriptions - 15 U.S.C. § 1125(a))**

29. Ralph Lauren incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

30. Defendants' promotion, marketing, offering for sale, and sale of Accused Products has created and is creating a likelihood of confusion, mistake, and deception

among the general public as to the affiliation, connection, or association with Ralph Lauren or the origin, sponsorship, or approval of Defendants' Accused Products by Ralph Lauren.

31. By using the RALPH LAUREN Marks on the Accused Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Accused Products.

32. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Accused Products to the general public involves the use of confusingly similar marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

33. Ralph Lauren has no adequate remedy at law and, if Defendants' actions are not enjoined, Ralph Lauren will continue to suffer irreparable harm to its reputation and the goodwill of the Ralph Lauren brand.

34. In light of the foregoing, Ralph Lauren is entitled to injunctive relief prohibiting Defendants from using any of the RALPH LAUREN Marks and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorney's fees, that Ralph Lauren has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF

**(Violation of Unfair Competition Law – Cal. Bus. & Prof. Code § 17200 *et seq*.)**

35. Ralph Lauren incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

36. Defendants' foregoing acts violate the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.,* because they constitute unlawful, unfair, and fraudulent conduct.

37. Defendants' conduct is unlawful in violation of the UCL because it violates

Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and California common law as described herein.

38. Defendants' conduct is unfair within the meaning of the UCL because it allows Defendants to benefit unjustly by virtue of the goodwill and positive reputation that members of the general public associate with Ralph Lauren and its products. As described herein, and on information and belief, Defendants have intentionally violated, and continues to violate, Ralph Lauren's rights in the RALPH LAUREN Marks to enjoy the commercial benefits derived therefrom.

39. Defendants' conduct is fraudulent in violation of the UCL because Defendants are willfully and deliberately misleading the public by using in commerce reproductions, copies, and/or colorable imitations of the Ralph Lauren Products.

40. This conduct is likely to confuse the public as to whether Defendants' products are somehow associated, affiliated, or connected with Ralph Lauren's products, or vice versa.

41. As a direct and proximate result of Defendants' fraudulent business practices, members of the public have mistakenly believed, and will continue to mistakenly believe, that Defendants' products are somehow associated, affiliated, or connected with Ralph Lauren's products, or vice versa.

42. Ralph Lauren and the public have been, and continue to be, irreparably damaged by violation of this statute, and Ralph Lauren has no adequate remedy at law. Unless enjoined, Defendants will continue to use the marks substantially indistinguishable from/confusingly similar to the RALPH LAUREN Marks, further injuring Ralph Lauren and the public. It would be difficult to ascertain the compensation that could afford Ralph Lauren adequate relief for such continuing acts.

43. As a direct, proximate, and foreseeable result of Defendants' wrongful conduct, as alleged above, Ralph Lauren has lost, and continues to lose, income it otherwise would have received from customers of their apparel business. Ralph Lauren is entitled to relief, including a permanent injunction barring Defendants' unfair

business acts or practices.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

44. Ralph Lauren incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

45. Ralph Lauren owns and enjoys common law trademark rights to the RALPH LAUREN Marks in California and throughout the United States.

46. Defendants' unlawful acts in appropriating rights in RALPH LAUREN Marks were intended to capitalize on Ralph Lauren's goodwill for Defendants' own pecuniary gain. Ralph Lauren has expended substantial time, resources and effort to obtain an excellent reputation for itself and the RALPH LAUREN Marks. As a result of Ralph Lauren's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Ralph Lauren.

47. Defendants' unauthorized use of the RALPH LAUREN Marks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Ralph Lauren.

48. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Ralph Lauren.

49. Defendants' acts constitute trademark infringement and unfair competition under California common law.

50. Ralph Lauren has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from its unlawful conduct.

51. The conduct herein complained of was extreme and fraudulent and was inflicted on Ralph Lauren in reckless disregard of Ralph Lauren's rights. Said conduct was despicable to Ralph Lauren and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

52. Ralph Lauren has no adequate remedy at law. In light of the foregoing, Ralph Lauren is entitled to injunctive relief prohibiting Defendants from using the RALPH LAUREN Marks or marks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Ralph Lauren has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff **PRL USA Holdings, Inc.** respectfully prays that this Court enter judgment in their favor and against Defendants as follows:

1. Entry of an ORDER granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

   a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products and/or any other products that bear the Ralph Lauren Marks, or any other marks confusingly similar thereto;

   b. engaging in any other activity constituting unfair competition with Ralph Lauren, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Ralph Lauren;

   c. committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Ralph Lauren;

2. Entry of an ORDER directing Defendants to recall from any distributors and retailers and to deliver to Ralph Lauren for destruction, or other disposition, all remaining inventory of the Accused Products, in addition to any other goods that

infringe upon Ralph Lauren's rights to the Ralph Lauren Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

3. Entry of an ORDER directing Defendants to disclose their supplier(s) and manufacturer(s) of the Accused Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Accused Products;

4. Entry of an ORDER directing Defendants to file with this Court and serve on Ralph Lauren within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5. Entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts pursuant to 15 U.S.C. § 1117(a);

6. An award of all profits that Defendants have derived from using the Ralph Lauren Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, an award of statutory damages pursuant to 15 U.S.C. § 1117 up to $2 million per trademark infringed, per type of good;

7. An award of enhanced damages due to Defendants' willful infringement;

8. An award of applicable interest amounts, costs, disbursements, and/or attorneys' fees, as an exceptional case under 15 U.S.C. § 1117 or otherwise;

9. An award of fees and punitive damages to the full extent available in connection with Ralph Lauren's claims under California law; and

10. Any such other relief that may be just and proper.

Dated:     March 18, 2021          **BLAKELY LAW GROUP**

By:   */s/ Brent H. Blakely*
Brent H. Blakely
Mark S. Zhai
***Attorneys for Plaintiff
PRL USA Holdings, Inc.***

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff PRL USA Holdings, Inc. hereby demands a trial by jury as to all claims in this litigation.

Dated:    March 18, 2021    **BLAKELY LAW GROUP**

By:  */s/ Brent H. Blakely*
     Brent H. Blakely
     Mark S. Zhai
     ***Attorneys for Plaintiff
     PRL USA Holdings, Inc.***