Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401
**Attorneys for Plaintiff**
**PRL USA Holding, Inc.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRL USA HOLDINGS, INC., a Delaware Corporation, | CASE NO.: 2:21-cv-02424-SPG-E |
| Plaintiff, | **NOTICE OF LODGING OF THIRD AMENDED COMPLAINT** |
| v. | |
| ZOETOP BUSINESS CO., LIMITED, a Hong Kong SAR China Private Limited Company; SHEIN DISTRIBUTION CORPORATION, a Delaware Corporation; and JOHN DOES 1-10, inclusive, | **Hon. Sherilyn Peace Garnett** |
| Defendants. | |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE Plaintiff PRL USA Holdings, Inc., a subsidiary of Ralph Lauren Corporation ("Plaintiff" or "Ralph Lauren") hereby lodges the attached Third Amended Complaint in connection with Plaintiff's Notice of Motion and Motion for an Order Granting Leave to File a Third Amended Complaint [Dkt. 57].

Dated:        August 23, 2023        BLAKELY LAW GROUP

By:    */s/ Jamie Fountain*
      Brent H. Blakely
      Jamie Fountain
      **Attorneys for Plaintiff**
      **PRL USA Holdings, Inc.**

1    Brent H. Blakely (SBN 157292)
     bblakely@blakelylawgroup.com
2    Jamie Fountain (SBN 316567)
     jfountain@blakelylawgroup.com
3    **BLAKELY LAW GROUP**
     1334 Parkview Avenue, Suite 280
4    Manhattan Beach, California 90266
     Telephone: (310) 546-7400
5    Facsimile: (310) 546-7401

6    **Attorneys for Plaintiffs**
     **PRL USA Holding, Inc. and**
7    **Ralph Lauren Corporation**

8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11

12   PRL USA HOLDINGS, INC., a          ) CASE NO.: 2:21-cv-02424-SPG-E
     Delaware Corporation; RALPH        )
13   LAUREN CORPORATION, a New          ) **PLAINTIFFS' THIRD AMENDED**
     York Corporation,                  ) **COMPLAINT FOR DAMAGES AND**
                                         ) **EQUITABLE RELIEF:**
14                                       )
15                    Plaintiff,         ) **1. TRADEMARK INFRINGEMENT**
                                         )    **UNDER THE LANHAM ACT**
16            v.                         )
                                         ) **2. FALSE DESIGNATIONS OF**
17   ZOETOP BUSINESS CO., LIMITED, a     )    **ORIGIN AND FALSE**
     Hong Kong SAR China Private Limited )    **DESCRIPTIONS**
18   Company; SHEIN DISTRIBUTION        )
     CORPORATION, a Delaware            ) **3. TRADE DRESS INFRINGEMENT**
19   Corporation; and JOHN DOES 1-10,   )    **UNDER THE LANHAM ACT**
     inclusive,                          )
20                                       ) **4. UNFAIR COMPETITION IN**
                                         )    **VIOLATION OF CAL. BUS. &**
21                    Defendants.        )    **PROF. CODE, § 17200 *et seq.***
                                         )
22                                       ) **5. TRADEMARK INFRINGEMENT**
                                         )    **AND UNFAIR COMPETITION**
23                                       )    **UNDER CALIFORNIA COMMON**
                                         )    **LAW**
24                                       )
                                         ) **6. TRADE DRESS INFRINGEMENT**
25                                       )    **UNDER CALIFORNIA COMMON**
                                         )    **LAW**
26   _____ )
                                           **JURY TRIAL DEMANDED**
27

28

─────────────────────────────────────────────

                                      1
     **PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**Plaintiffs Ralph Lauren Corporation and PRL USA Holdings, Inc.**, a subsidiary of Ralph Lauren Corporation (collectively, "Plaintiffs" or "Ralph Lauren"), for its Third Amended Complaint ("Complaint") against **Defendants Zoetop Business Co., Limited** ("Zoetop"); **Shein Distribution Corporation** ("Shein") and JOHN DOES 1-10 (collectively "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs file this action against Defendants for trade dress infringement, trademark infringement and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), and related claims of trade dress infringement, trademark infringement and unfair competition under the statutory and common law of the State of California.

2.      This Court has subject matter jurisdiction over Plaintiffs' Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and supplemental jurisdiction over Plaintiffs' state and common law claims pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.      This Court has personal jurisdiction over Defendants because Defendants conduct continuous and systematic business in this district, placed infringing products in the stream of commerce directed to residents of this district, derived commercial benefits from the sale of infringing products, and caused injuries to Plaintiffs—all within the State of California.

4.      Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district and Plaintiff is located and has been injured in this judicial district.

## THE PARTIES

5.      Plaintiff PRL USA Holdings, Inc. , a subsidiary of Ralph Lauren

Corporation , is a corporation organized and existing under the laws of the state of Delaware, with an office and principal place of business at 650 Madison Avenue, New York, New York 10022.  .

6.    Plaintiff Ralph Lauren Corporation is a corporation organized and existing under the laws of the State of New York with its principal place of business at 650 Madison Avenue, New York, New York 10022.

7.    Upon information and belief, Defendant Zoetop Business Co., Limited ("Zoetop") is a Private Limited Company organized and existing under the laws of Hong Kong Special Administrative Region ("SAR"), China, with a registered office and principal place of business located at Room 11-12, 2/F, Hong Leong Plaza (Phase 1), No. 33 Lok Yip Road, Fanling Hong Kong SAR, China.

8.    Upon information and  belief, Defendant Shein Distribution Corporation ("Shein") is corporation organized and existing under the laws of the State of Delaware and registered to do business in the State of California, with a registered office and principal place of business located at 757 S. Almeda Street, Suite 340, Los Angeles, California 90021.

9.    Plaintiffs areinformed and believe that, together with Zoetop and Shein, other individuals and entities currently named as JOHN DOES 1-10 may also be responsible in one manner or another for the wrongs alleged herein, in that at all relevant times, each one (including Zoetop and Shein) was the agent and servant of the others and acting within the course and scope of said agency and employment. These other individuals and entities are sued under fictitious names JOHN DOES 1-10, because their true names and capacities are currently unknown to Ralph Lauren.  Ralph Lauren will seek leave to amend this Complaint when the true names and capacities of JOHN DOES 1-10 are ascertained.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    Plaintiffs' Iconic Ralph Lauren® Brand

10.    Ralph Lauren was founded in 1967 by the iconic designer Mr. Ralph

Lauren and has become a leader in the design, marketing, and distribution of premium lifestyle products, including apparel, footwear, accessories, home furnishings, fragrances and hospitality. Brands of Ralph Lauren include Ralph Lauren®, Polo®, Chaps®, and Polo Sport®. For more than fifty years, Ralph Lauren has sold high-quality apparel, accessories and other products, all of which prominently display its famous, internationally recognized and federally-registered trademarks, including RALPH LAUREN, POLO and 🏇 (the "Ralph Lauren Products"), among others.

11.    Ralph Lauren Products have become enormously popular, driven by Ralph Lauren's arduous quality standards and innovative design.  Among the purchasing public, genuine Ralph Lauren Products are instantly recognizable as such.  In the United States and around the world, the Ralph Lauren brand has come to symbolize high quality and prestige.

12.    Genuine Ralph Lauren Products are distributed through a worldwide network of authorized licensees, distributors, and Ralph Lauren retail stores throughout the United States, including in California, and through the official ralphlauren.com website (previously located at polo.com), which was launched in November 2000.

13.    Ralph Lauren has continuously sold Ralph Lauren Products under the RALPH LAUREN Marks in the United States for many years. Ralph Lauren incorporates a variety of distinctive marks in the design of its various Ralph Lauren Products. As a result of its long-standing use, Ralph Lauren owns common law trademark rights in its trademarks.

14.    Ralph Lauren has also registered its trademarks with the United States Patent and Trademark Office and uses such marks in connection with the marketing of Ralph Lauren Products.  Ralph Lauren Products typically include at least one of such

trademarks, usually displayed in more than one location on a single product (*e.g.,* interior label, lining, or external name plate), including in relevant part the following U.S. federal trademark registrations (collectively, the "RALPH LAUREN Marks"):

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 1,447,282 | RALPH LAUREN | For: frames for prescription and non- prescription lenses and complete sunglasses in class 009. |
| 1,469,151 | RALPH LAUREN | For: men's, women's, and children's dress and athletic shoes in class 025. |
| 1,624,989 | RALPH LAUREN | For: clothing - namely, suits, slacks, trousers, shorts, wind resistant jackets, jackets, blazers, dress shirts, knit shirts, sweatshirts, sweaters, hats, belts, socks, blouses, skirts, coats and dresses in class 025. |
| 1,835,393 | RALPH LAUREN | For: jewelry in class 014. |
| 1,976,324 | RALPH LAUREN | For: clutches, shoulder bags, cosmetic bags, tote bags, saddle bags, backpacks, gym bags, duffle bags, travel bags, circular |

| | | cosmetic and personal grooming bags, clothing and personal item bags with drawstrings for over the shoulder use, grooming kits in the nature of small travelling bags for carrying personal hygiene items, travelling bags designed for holding suits, tie cases, satchels, purses and other personal item bags with rigid top supports, garment bags for travel, travelling bags for carrying personal items and clothing, coin bags, drawstring pouches, overnight bags, wallets and key holders, all sold empty in class 018. |
|---|---|---|
| 1,972,538 | RALPH LAUREN | For: jewelry in class 014. |
| 2,207,011 | RALPH LAUREN | For: intimate wear, namely, hosiery in class 025. |
| 3,521,190 | RALPH LAUREN | For: on-line retail store services featuring men's, women's and children's clothing, footwear, headgear, eyewear, handbags, backpacks, travel bags, wallets, athletic bags, jewelry, watches, sporting goods and accessories, fragrance, body lotions, home furnishing in the nature of bedsheets, |

| | | duvet covers, comforters, blankets, pillows, towels, table cloths, dinnerware, picture frames in class 035. |
|---|---|---|
| 3,764,868 | RALPH LAUREN | For: horological and chronometric instruments, namely, mechanical and automatic watches, wrist watches, diving watches, stop watches, pocket watches, watch fobs, jewelry watches; horological and chronometric fittings, namely, parts, faces, movements, casings, crowns, bands, straps, pouches, boxes, clasps, winders, winding buttons, dials, chains, cases, straps made of metal in class 014. |
| 5,400,546 | RALPH LAUREN | For: cuff-links in class 014. For: silver money clips in class 016. |
| 1,363,459 | POLO | For: clothing-namely, suits, slacks, trousers, shorts, wind resistant jackets, jackets, blazers, dress shirts, sweatshirts, sweaters, hats, belts, socks, blouses, skirts, coats, and dresses in class 025. |

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

| | | | |
|---|---|---|---|
| 1,446,173 | POLO | | For: frames for prescription and non-prescription lenses and complete sunglasses in class 009. |
| 1,468,420 | POLO | | For: men's, women's, children's and athletic shoes in class 025. |
| 3,684,457 | POLO | | For: metal belt buckles not of precious metal in class 026. |
| 5,512,126 | POLO | | For: clutches, shoulder bags, cosmetic bags sold empty, tote bags, saddle bags, backpacks, gym bags, duffle bags, travel bags, roll bags, sling bags, grooming kits sold empty, suit bags, tie cases, satchels, garment bags for travel, coin purses, drawstring pouches, overnight bags, wallets and key cases in class 018. |
| 1,951,601 | POLO SPORT | | For: wearing apparel, namely pants, shorts, jackets, t-shirts, sport shirts, knit shirts, sweatshirts, hats, socks and footwear in class 025. |
| 5,507,568 | POLO RALPH LAUREN | | For: clutches, shoulder bags, cosmetic bags sold empty, tote bags, saddle bags, backpacks, gym bags, duffle bags, travel bags, roll bags, sling bags, grooming kits sold empty, suit bags, tie cases, satchels, garment bags |

for travel, coin purses, drawstring
pouches, overnight bags, wallets and
key cases in class 018.

1,485,359



For: mens', womens', childrens' and
athletic shoes in class 025.

2,052,315



For: clutches, shoulder bags,
cosmetic bags sold empty, tote bags,
saddle bags, backpacks, gym bags,
duffle bags, travel bags, roll bags,
sling bags, grooming kits sold empty,
suit bags, tie cases, satchels, pole
bags, garment bags for travel, coin
purses, drawstring pouches,
overnight bags, wallets and key cases
in class 018.

2,823,094



For: wearing apparel, namely,
sweaters and t-shirts in class 025.

For: tote bags in class 018.

3,199,839



For: wearing apparel, namely,
jackets, sweatshirts, sweat pants,
hats, scarves, jerseys, jeans,
turtlenecks and bikinis in class
025.

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

| | | |
|---|---|---|
| 3,812,741 |  | For: a full line of clothing in class 025. |
| 4,254,740 |  | For: eyewear in class 009. |
| 4,558,683 |  | For: retail and on-line retail store services featuring men's, women's, and children's clothing, footwear, headwear, eyewear, leather goods, handbags, duffel bags, tote bags, luggage, briefcases, sporting goods and accessories, fragrances and personal care products, jewelry, watches, and home furnishings in class 035. |
| 3,179,994 | RL67 | For: wearing apparel, namely, pants, jeans, shorts, skirts, dresses, suits, shirts, t-shirts, sweatshirts, blazers, ties, sweaters, stockings, socks, jackets, coats, gloves, hats, belts, scarves, undergarments, sleepwear, loungewear, swimwear and footwear in class 025. |

**PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

15.    The above U.S. registrations for the RALPH LAUREN Marks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the RALPH LAUREN Marks constitute prima facie evidence of their validity and of Ralph Lauren's exclusive right to use the RALPH LAUREN Marks pursuant to 15 U.S.C. § 1057(b). The RALPH LAUREN Marks have been used exclusively and continuously by Ralph Lauren, some since at least as early as 1967, and have never been abandoned.

16.    The RALPH LAUREN Marks have achieved tremendous fame and recognition, which has only added to the distinctiveness of the marks. As a result, the RALPH LAUREN Marks are both famous marks and valuable assets. As such, Ralph Lauren has built substantial goodwill in the RALPH LAUREN Marks, which is of incalculable and inestimable value to Ralph Lauren.

17.    The RALPH LAUREN Marks have been widely promoted, both in the United States and throughout the world, and are among the world's most famous and widely recognized trademarks. In fact, Ralph Lauren has expended hundreds of millions of dollars in advertising, promoting and marketing featuring the RALPH LAUREN Marks. Ralph Lauren Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and renown as desired luxury items.  Ralph Lauren augments this unsolicited media coverage with extensive paid advertising featuring internationally known celebrities, such as Lily Aldridge, Olivia Palmero, Iman, Rachel Zoe, and Daniel Levy in upscale, luxury publications and on social media platforms worldwide. Ralph Lauren is also the official sponsor of Wimbledon and an official sponsor of the U.S. Open, and is the exclusive Official Parade Outfitter for the U.S. Olympic and Paralympic Teams. Because of these and other factors, the Ralph Lauren name and the RALPH LAUREN Marks have become famous throughout the United States.

18.    The RALPH LAUREN Marks are distinctive when applied to the Ralph

Lauren Products, signifying to the purchaser that the products come from Ralph Lauren and are manufactured to Ralph Lauren's quality standards. Ralph Lauren maintains quality control standards for all Ralph Lauren Products. All genuine Ralph Lauren Products are inspected and approved by or on behalf of Ralph Lauren prior to distribution and sale.  Ralph Lauren operates the website ralphlauren.com where it promotes and sells genuine Ralph Lauren Products. The ralphlauren.com website features proprietary content, images and designs exclusive to Ralph Lauren.

19.    Ralph Lauren has expended substantial time, money, and other resources in developing, advertising and otherwise promoting and protecting the RALPH LAUREN Marks.  As a result, products bearing the RALPH LAUREN Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Ralph Lauren.  Ralph Lauren is a multi-billion-dollar operation, and Ralph Lauren Products are among the most popular of their kind in the world.

**B.    Plaintiffs' Polo Ralph Lauren® Polo ID Shoulder Bag**

20.    Plaintiffs' Polo Ralph Lauren® brand is a well-recognized worldwide symbol of luxury, quality, and style. Since its founding in 1967 and continuing through the present, clothing and accessories sold under the Polo Ralph Lauren® brand remain highly coveted by consumers as luxury goods indicative of timeless and classic style.

21.    In 2022, Plaintiffs introduced the Polo ID Shoulder Bag marketed under the Polo Ralph Lauren® brand. Since then, the popularity of Polo Ralph Lauren® Polo ID Shoulder Bag has grown exponentially, with celebrities such as Madison Bailey, Poppy Delevingne, Taylor Hill, and Camilla Coelho among a myriad of others regularly seen wearing the Polo Ralph Lauren® Polo ID Shoulder Bag.

22.    The world-wide recognition of Polo Ralph Lauren® as a luxury brand and its overwhelming popularity is due to Ralph Lauren's continuous commitment to quality and excellence. Today, Ralph Lauren's Polo Ralph Lauren® products are available and sold to consumers in every state, including California, through Ralph

1    Lauren Stores, authorized retailers, as well as on the internet at www.ralphlauren.com.

2    **C.    Defendants' Infringing Activities**

3        23.    The present lawsuit arises from Defendants' manufacture, production,

4    marketing, distribution, advertisement, offering for sale, and/or sale of clothing

5    products and accessories that bear counterfeit marks identical and/or confusingly

6    similar to one or more of the Ralph Lauren Marks and the "Polo ID Shoulder Bag Trade

7    Dress" (the "Accused Products").

8        24.    Upon information and belief, Zoetop and Shein collectively own and

9    operate a "fast fashion" e-commerce enterprise that sells apparel, accessories, handbags,

10   jewelry, and other products under Defendants' various proprietary brand names

11   including "SHEIN" through Defendants' highly interactive websites, including

12   us.shein.com. which is accessible to consumers throughout the United States, including

13   those within this judicial district. Upon information and belief, Defendants imported

14   into the U.S., advertised, marketed, offered for sale, and/or sold Accused Products in

15   the Central District of California.

16       25.    Upon information and belief, Zoetop and Shein are competitors of Ralph

17   Lauren and introduced Accused Products into the stream of commerce in an effort to

18   exploit Ralph Lauren's goodwill and the reputation of genuine Ralph Lauren Products

19   protected under the RALPH LAUREN Marks and the Polo Ralph Lauren® Polo ID

20   Shoulder Bag.  Ralph Lauren has not granted a license or any other form of permission

21   to Defendants with respect to any of its trademarks, or other intellectual property.

22

23               **i.    Defendants' infringement of the RALPH LAUREN Marks**

24       26.    Upon information and belief, Defendants imported into the United States,

25   advertised, marketed, offered for sale and/or sold at least the Accused Products

26   identified by name as Shein® "Men Embroidered Detail Pullover" and "Men Graphic

27   Embroidered Polo Shirt" which infringe upon Plaintiffs' RALPH LAUREN Marks

28   through Defendants' website (us.shein.com) to consumers nationwide, including

consumers located within this judicial district. Several exemplars of which are shown below:



**Examples of Accused Products**



**Examples of Accused Products**



**Examples of Accused Products**

    ii.    **Defendants' infringement of the Polo ID Shoulder Bag Trade Dress**

    27.    Upon information and belief, Defendants imported into the United States, advertised, marketed, offered for sale and/or sold at least the Accused Products identified by name as Shein® "Minimalist Large Capacity Hobo Bag", "Minimalist Hobo Bag", and "Minimalist Colorblock Hobo Bag" which infringe upon Plaintiffs' Polo ID Shoulder Bag Trade Dress through Defendants' website (us.shein.com) to consumers nationwide, including consumers located within this judicial district. Several exemplars of which are shown below:

**PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1
2
3
4
5
6
7
8
9
10

  

11
12
13
14
15
16
17
18
19
20
21

  

22
23
24

**Examples of Accused Product "Minimalist Large Capacity Hobo Bag"**   **Examples of Accused Product "Minimalist Hobo Bag"**   **Examples of Accused Product "Minimalist Colorblock Hobo Bag"**

25
26
27
28

28.    Upon information and belief, Defendants may have sold additional products and/or used images that infringe upon Ralph Lauren's trademarks, copyrights and/or other intellectual property. Ralph Lauren will seek leave to amend as additional information becomes available through discovery.

**PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

29.     Upon information and belief, Defendants have acted in bad faith and Defendants' acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Accused Products with genuine Ralph Lauren Products, or as to the origin, sponsorship, or approval of the Accused Products by Ralph Lauren.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement Under the Lanham Act – 15 U.S.C. § 1114)**

30.     Ralph Lauren incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

31.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered RALPH LAUREN Marks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The RALPH LAUREN Marks are highly distinctive marks. Consumers have come to expect the highest quality from Ralph Lauren Products offered, sold or marketed under the RALPH LAUREN Marks.

32.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the RALPH LAUREN Marks without Ralph Lauren's permission.

33.     Ralph Lauren is the exclusive owner of the RALPH LAUREN Marks. Ralph Lauren's United States Registrations for the RALPH LAUREN Marks are in full force and effect. Upon information and belief, Defendants have knowledge of Ralph Lauren's rights in the RALPH LAUREN Marks, and are willfully infringing and intentionally using counterfeits of the RALPH LAUREN Marks. Defendants' willful, intentional and unauthorized use of the RALPH LAUREN Marks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Accused Products among the general public.

34.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35.     The injuries and damages sustained by Ralph Lauren have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Accused Products.  Ralph Lauren has no adequate remedy at law, and if Defendants' actions are not enjoined, Ralph Lauren will continue to suffer irreparable harm to its reputation and the goodwill of its well-known RALPH LAUREN Marks.

36.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using any of the RALPH LAUREN Marks and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorney's fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117 (b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions - 15 U.S.C. § 1125(a))

37.     Ralph Lauren incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

38.     Defendants' promotion, marketing, offering for sale, and sale of Accused Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Ralph Lauren or the origin, sponsorship, or approval of Defendants' Accused Products by Ralph Lauren.

39.     By using the RALPH LAUREN Marks on the Accused Products, Defendants create a false designation of origin and a misleading representation of fact

as to the origin and sponsorship of the Accused Products.

40.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Accused Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

41.     Ralph Lauren has no adequate remedy at law and, if Defendants' actions are not enjoined, Ralph Lauren will continue to suffer irreparable harm to its reputation and the goodwill of the Ralph Lauren brand.

42.     In light of the foregoing, Ralph Lauren is entitled to injunctive relief prohibiting Defendants from using any of the RALPH LAUREN Marks and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorney's fees, that Ralph Lauren has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### (Trade Dress Infringement of "Polo ID Shoulder Bag Trade Dress" – 15 U.S.C. § 1125(a))

43.     Ralph Lauren incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

44.     In 2022, Ralph Lauren introduced the Polo Ralph Lauren® Polo ID Shoulder Bag, marketed and featuring the design elements protected under the "Polo ID Shoulder Bag Trade Dress." The Polo ID Shoulder Bag Trade Dress is unique and distinctive, and comprised of the following non-functional elements:

        a.     A dual compartment saddle silhouette;

        b.     Double gussets forming a partially split compartment;

        c.     Each gusset panel includes piping between the front of the bag

1    and the gusset, and the back of the bag and the gusset;

2         d.    A top handle extending from the right side of the bag to the left

3    side of the bag with the ends of the handle tapering into a spade shaped anchor;

4         e.    On one side, the top handle is fixed to the spade shaped anchor

5    and on the other side, the top handle is fixed to a center bar buckle;

6         f.    An asymmetrical extended tail forming the top handle;

7         g.    A gap where the top handle is anchored to each side of the bag by

8    a spade shaped material overlay; and

9         h.    A pendant strap extending from the back panel to the front panel.

10    45.    The Polo ID Shoulder Bag Trade Dress, which is a composite of the above-

11 referenced features, is non-functional in its entirety, visually distinctive, and unique in

12 the handbag industry. Examples of its distinctive appearance as a whole are shown in

13 the photographs below:



**PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1

 

46.     The design of the Polo ID Shoulder Bag Trade Dress is neither essential to its use or purpose, nor does it affect the cost or quality of the handbag. There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Polo ID Shoulder Bag Trade Dress. The combination of features compromising the Polo ID Shoulder Bag Trade Dress provide no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render the Polo Ralph Lauren® Polo ID Shoulder Bag, the embodiment of the Polo ID Shoulder Bag Trade Dress, as a distinct product originating solely from Ralph Lauren.

47.     The Polo Ralph Lauren® Polo ID Shoulder Bag, the embodiment of the Polo ID Shoulder Bag Trade Dress, is well-recognized and commercially successful, and has been featured in many of Ralph Lauren's advertising and promotional materials as well as in various trade publications. The Polo Ralph Lauren® Polo ID Shoulder Bag has received a large volume of unsolicited media attention, including but not limited to,

having been featured on various celebrities, and has been featured in magazines published nation and worldwide.

48.    Ralph Lauren has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the Polo Ralph Lauren® brand and its products marketed under the brand, including the Polo Ralph Lauren® Polo ID Shoulder Bag. Ralph Lauren spends millions of dollars annually on advertising of Polo Ralph Lauren® products, including handbags embodying the Polo ID Shoulder Bag Trade Dress.

49.    Due to its consistent use, extensive sales, and significant advertising and promotional activities, the Polo ID Shoulder Bag Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.  Indeed, Ralph Lauren has sold millions of dollars' worth of Polo Ralph Lauren® Polo ID Shoulder Bags, the embodiment of the Polo ID Shoulder Bag Trade Dress. Additionally, the Polo ID Shoulder Bag has been featured and favorably reviewed in various publications. Accordingly, the Polo ID Shoulder Bag Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Ralph Lauren as the exclusive source of handbags featuring said trade dress.

50.    Upon information and belief, Defendants are competitors of Ralph Lauren and Defendants introduced the Accused Products into the stream of commerce in an effort to exploit Ralph Lauren's goodwill and the reputation of the Polo Ralph Lauren® Polo ID Shoulder Bag.

51.    The Accused Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendants bear confusingly similar reproductions of the Polo ID Shoulder Bag Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Ralph Lauren of the Accused Products.

52.    Defendants' use of the Polo ID Shoulder Bag Trade Dress is without Ralph

Lauren's permission or authorization, and in total disregard of Ralph Lauren's rights to control its intellectual property. There are numerous other handbag designs, none of which necessitate copying or imitating the Polo ID Shoulder Bag Trade Dress.

53.    Defendants' use of the Polo ID Shoulder Bag Trade Dress is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Accused Products are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Ralph Lauren.

54.    As a direct and proximate result of the foregoing acts, Ralph Lauren has suffered and will continue to suffer significant injuries in an amount to be determined at trial.  Ralph Lauren is entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts.

55.    Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Ralph Lauren for the harm caused by Defendants' infringement, which is ongoing. Accordingly, Ralph Lauren is entitled to injunctive relief prohibiting Defendants from continuing to infringe the Polo ID Shoulder Bag Trade Dress, or any designs confusingly similar thereto.

## FOURTH CLAIM FOR RELIEF

**(Violation of Unfair Competition Law – Cal. Bus. & Prof. Code § 17200 *et seq*.)**

56.    Ralph Lauren incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

57.    Defendants' misappropriation and unauthorized use of the RALPH LAUREN Marks and/or the Polo ID Shoulder Bag Trade Dress to promote the Accused Products is likely to confuse or mislead consumers into believing that such products are authorized, licensed, affiliated, sponsored, and/or approved by Ralph Lauren, constituting deceptive, unfair, and fraudulent business practices and unfair competition

in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, §

17200 *et. seq*

58.     Upon information and belief, Defendants' deceptive, unfair, and fraudulent business practices were willfully undertaken with full knowledge of the RALPH LAUREN Marks and with the intent to misappropriate Ralph Lauren's goodwill and reputation established in the RALPH LAUREN Marks.

59.     Upon information and belief, Defendants' deceptive, unfair, and fraudulent business practices were willfully undertaken with full knowledge of the Polo ID Shoulder Bag Trade Dress and with the intent to misappropriate Ralph Lauren's goodwill and reputation established in the Polo Ralph Lauren® Polo ID Shoulder Bag.

60.     As a direct and proximate result of the foregoing acts, Ralph Lauren has suffered and will continue to suffer significant injuries in an amount to be determined at trial.  Ralph Lauren is entitled to all available relief provided for under the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.*, including an accounting and disgorgement of all illicit profits that Defendants made on account of their deceptive, unfair, and fraudulent business practices.  Furthermore, because Ralph Lauren has no adequate remedy at law for Defendants' ongoing unlawful conduct, Ralph Lauren is entitled to injunctive relief prohibiting Defendants from unfair competition.

## FIFTH CLAIM FOR RELIEF

### (Trademark Infringement and Unfair Competition Under California Common Law)

61.     Ralph Lauren incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

62.     Ralph Lauren owns and enjoys common law trademark rights to the RALPH LAUREN Marks in California and throughout the United States.

63.     Defendants' unlawful acts in appropriating rights in RALPH LAUREN Marks were intended to capitalize on Ralph Lauren's goodwill for Defendants' own pecuniary gain.  Ralph Lauren has expended substantial time, resources and effort to

obtain an excellent reputation for itself and the RALPH LAUREN Marks.  As a result of Ralph Lauren's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Ralph Lauren.

64.     Defendants' unauthorized use of the RALPH LAUREN Marks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Ralph Lauren.

65.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Ralph Lauren.

66.     Defendants' acts constitute trademark infringement and unfair competition under California common law.

67.     Ralph Lauren has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from its unlawful conduct.

68.     The conduct herein complained of was extreme and fraudulent and was inflicted on Ralph Lauren in reckless disregard of Ralph Lauren's rights.  Said conduct was despicable to Ralph Lauren and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

69.     Ralph Lauren has no adequate remedy at law.  In light of the foregoing, Ralph Lauren is entitled to injunctive relief prohibiting Defendants from using the RALPH LAUREN Marks or marks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Ralph Lauren has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## SIXTH CLAIM FOR RELIEF

### (Trade Dress Infringement Under California Common Law)

70.     Ralph Lauren incorporates by reference each and every one of the

1   preceding paragraphs as though fully set forth herein.

2       71.    Defendants' infringement of the Polo ID Shoulder Bag Trade Dress also

3   constitutes trade dress infringement under common law of the state of California.

4       72.    The Accused Products manufactured, imported, distributed, advertised,

5   offered for sale, and/or sold by Defendants bear confusingly similar reproductions of

6   the Polo ID Shoulder Bag Trade Dress, such as to cause a likelihood of confusion as to

7   the source, sponsorship, or approval by Ralph Lauren of the Accused Products.

8   Defendants' unauthorized use of the Polo ID Shoulder Bag Trade Dress has caused and

9   is likely to cause confusion as to the source of Accused Products among consumers.

10      73.    As a direct and proximate result of the foregoing acts, Ralph Lauren has

11  suffered and will continue to suffer significant injuries in an amount to be determined

12  at trial.  Ralph Lauren is entitled to recover all damages, including attorneys' fees, that

13  it has sustained on account of Defendants' infringement, and all gains, profits and

14  advantages obtained by Defendants as a result of their unlawful acts.

15      74.    Defendants' unlawful acts were willful, deliberate, and intended to cause

16  confusion among the public, taken in reckless disregard of Ralph Lauren's rights.  As

17  such, an award of exemplary and punitive damages is necessary in an amount sufficient

18  to deter similar misconduct in the future.

19      75.    Furthermore, unless Defendants' unlawful acts are enjoined by this Court,

20  there is no adequate remedy at law that can fully compensate Ralph Lauren for the

21  damages caused by Defendants' infringement, which is ongoing.  Accordingly, Ralph

22  Lauren is entitled to injunctive relief prohibiting Defendants from continuing to infringe

23  the Polo ID Shoulder Bag Trade Dress, or any designs confusingly similar thereto.

24                          **PRAYER FOR RELIEF**

25      **WHEREFORE**, Plaintiffs **Ralph Lauren Corporation** and **PRL USA**

26  **Holdings, Inc.** respectfully prays that this Court enter judgment in their favor and

27  against Defendants Zoetop Business Co. Ltd. and Shein Distribution Corporation as

28  follows:

1.    A judgment that Defendants infringed Ralph Lauren's RALPH LAUREN Marks and Polo ID Shoulder Bag Trade Dress;

2.    Entry of an ORDER granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

      a.  manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products and/or any other products that bear the Ralph Lauren Marks, or any other marks confusingly similar thereto;

      b.  manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that bear an identical or confusingly similar design as Polo ID Shoulder Bag Trade Dress;

      c.  engaging in any other activity constituting unfair competition with Ralph Lauren, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Ralph Lauren;

      d.  committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Ralph Lauren;

3.    Entry of an ORDER directing Defendants to recall from any distributors and retailers and to deliver to Ralph Lauren for destruction, or other disposition, all remaining inventory of the Accused Products, in addition to any other goods that infringe upon Ralph Lauren's rights to the Ralph Lauren Marks and/or Polo ID Shoulder Bag Trade Dress, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

**PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

4.     Entry of an ORDER directing Defendants to disclose their supplier(s) and manufacturer(s) of the Accused Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Accused Products;

5.     Entry of an ORDER directing Defendants to file with this Court and serve on Ralph Lauren within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

6.     Entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts pursuant to 15 U.S.C. § 1117(a);

7.     An award of all profits that Defendants have derived from using the Ralph Lauren Marks and/or Polo ID Shoulder Bag Trade Dress, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, an award of statutory damages pursuant to 15 U.S.C. § 1117 up to $2 million per trademark counterfeited and infringed, per type of good;

8.     An award of enhanced damages due to Defendants' willful infringement;

9.     An award of applicable interest amounts, costs, disbursements, and/or attorneys' fees, as an exceptional case under 15 U.S.C. § 1117 or otherwise;

10.    An award of fees and punitive damages to the full extent available in connection with Ralph Lauren's claims under California law; and

11.    Any such other relief that may be just and proper.

Dated:      August 23, 2023

**BLAKELY LAW GROUP**

By:   /s/ Jamie Fountain

Brent H. Blakely
Jamie Fountain
**Attorneys for Plaintiffs
PRL USA Holdings, Inc. and
Ralph Lauren Corporation**

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Ralph Lauren Corporation and PRL USA Holdings, Inc. hereby demands a trial by jury as to all claims in this litigation.

Dated:          August 23, 2023              **BLAKELY LAW GROUP**

                                             By:    /s/ Jamie Fountain
                                                    Brent H. Blakely
                                                    Jamie Fountain
                                                    **Attorneys for Plaintiffs**
                                                    **PRL USA Holdings, Inc. and Ralph**
                                                    **Lauren Corporation**